would be calculated not on a salary basis but upon the conventional allowance arrangement as in the case of the other attorneys in the cause. This is evidenced in his petition wherein he says: "(28) Attached hereto and marked Exhibit 'D' is a statement of moneys expended by your petitioner for postage, long distance *telephones, telegrams and traveling expenses, when obliged to attend in other cities. The same does not include large sums expended by your petitioner for stationery, stenographic and typists' fees and salaries, rent, clerical and other service, notarial fees and acknowledgements, the large amount of local telephone calls, nor does the same include your petitioner's large overhead expense. Your petitioner occupies the entire thirty-third floor of the Continental Building, in New York City. At least one half of your petitioner's office and staff was used continuously in connection with the services rendered herein, and at times practically the entire office and staff as well as extra help, were so employed.*" (Record p. 222 et seq. Italics ours.)

In this state it is impossible for us to determine whether the action of the district court is consistent with right and reason, and, therefore, we remand this cause, with the suggestion that the court have the appellant appear before it and state in detail his full expenses during that period which might properly be chargeable against this case so that the court may reconsider its allowance to the appellant in the light of this opinion, having in mind that at least in the Trenton litigation appellant served without the aid of local counsel.

Reuben Satterwaite, Jr., of Wilmington, Del., and Louis E. Levinthal, of Philadelphia, Pa., for appellant.

Richards, Layton & Finger, of Wilmington, Del., and White & Case and Stein & Salant, all of New York City (Joseph M. Hartfield, Morton Stein, and Milton Kramer, all of New York City, of counsel), for appellees.

Before DAVIS, Circuit Judge, and WATSON and FORMAN, District Judges.

PER CURIAM.

This is an appeal from an order allowing the appellant the sum of $12,500 for his services as one of three trustees appointed under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). After full consideration we are of the opinion that the court below made adequate provision for appellant, and its order is affirmed.

### In re NATIONAL DEPARTMENT STORES, Inc.

### LAMPORT v. NATIONAL DEPARTMENT STORES, Inc., et al.
#### No. 5931.

Circuit Court of Appeals, Third Circuit.
Oct. 27, 1937.

### SALT LAKE COUNTY v. UTAH COPPER CO.
#### No. 1554.

Circuit Court of Appeals, Tenth Circuit.
Nov. 22, 1937.

